GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ANTHONY R. MONTERO
Special Assistant United States Attorney
(California Bar Number 186699)
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7395
    Facsimile: (213) 894-6269
    Email: anthony.montero@usdoj.gov

Attorney for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. CR 08-1356(A)-AJW |
| Plaintiff, | ) <u>PLEA AGREEMENT FOR DEFENDANT</u> <u>HUPING ZHOU</u> |
| v. | ) |
| HUPING ZHOU, | ) |
| Defendant. | ) |

    1. This constitutes the conditional plea agreement between defendant Huping Zhou ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case pursuant to Federal Rule of Criminal Procedure 11(a)(2). This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

//
//

## PLEA

2. Defendant agrees to plead guilty to the four-count First Superseding Information filed with the Court in <u>United States v. Huping Zhou</u>, Case No. CR 08-1356-AJW (the "Information"). Defendant's guilty pleas are conditional, in that defendant reserves the right, on appeal from the judgment, to seek review of the adverse determination of his motion to dismiss. If defendant prevails on appeal, defendant will be allowed to withdraw defendant's guilty pleas.

## NATURE OF THE OFFENSE

3. In order for defendant to be guilty of Counts One through Four of the Information, which charge four separate violations of Title 42, United States Code, Section 1320d-6(a)(2) and 18 U.S.C. § 2(b), the following must be true: (1) defendant obtained individually identifiable health information ("IIHI") relating to an individual; (2) defendant acted knowingly; and (3) defendant's conduct in obtaining the IIHI was not for a reason permitted by Title 42, United States Code, Chapter 7, Subchapter XI, Part C. Defendant admits that defendant is, in fact, guilty of these offenses as described in the Information as conditioned by the terms of this plea agreement.

## PENALTIES

4. The statutory maximum sentence that the Court can impose for each violation of Title 42, United States Code, Section 1320d-6(a)(2) is: one year of imprisonment; a one-year period of supervised release; a fine of $50,000; and a mandatory special assessment of $25.

//

5. Therefore, the total maximum sentence for all offenses to which defendant is pleading guilty is: four years imprisonment; a one-year period of supervised release; a fine of $200,000; and a mandatory special assessment of $100.

6. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

8. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to, deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

9. Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts includes facts sufficient to support pleas of guilty to the

1 charges described in this agreement. It is not meant to be a
2 complete recitation of all facts relevant to the underlying
3 criminal conduct or all facts known to defendant that relate to
4 that conduct.

5      a) UCLA Healthcare is responsible for the hiring and
6 managing of employees of the UCLA Health System. The UCLA Health
7 System is comprised of several hospitals and clinics including
8 UCLA Medical Center, Santa Monica-UCLA Medical Center and
9 Orthopaedic Hospital, Mattel Children's Hospital UCLA, and the
10 UCLA Medical Group. From at least January 2003 to the present,
11 UCLA Healthcare and the UCLA Health System were health care
12 providers primarily located within Los Angeles County.

13      b) Defendant is a licensed cardiothoracic surgeon in
14 China. Defendant was a Research Assistant employed by UCLA
15 Healthcare who worked at one of UCLA Health System's medical
16 facilities and resided within Los Angeles County. Throughout his
17 employment with UCLA Healthcare, defendant had regular access to
18 individually identifiable health information ("IIHI") for
19 patients who visited UCLA Health System's medical facilities.
20 This included access to IIHI for celebrities, politicians, and
21 other high-profile patients who were patients in the UCLA Health
22 System. On November 14, 2003, UCLA Healthcare terminated
23 defendant; however, defendant continued to have access to the
24 IIHI of UCLA Health System patients through at least November 19,
25 2003.

26      c) Beginning at least on October 29, 2003 and
27 continuing until at least November 19, 2003, defendant wrongfully
28 accessed and obtained patient IIHI from the computer records of

4

the UCLA Health System. Most of these records belonged to celebrity patients or defendant's fellow co-workers. Defendant fully knew that he was not allowed to obtain IIHI for patients without a valid medical reason related to his job. Defendant wrongfully obtained the IIHI as part of the access that he was granted as an employee of the UCLA Health System.

       d) More specifically, on November 17, 2003, defendant knowingly accessed and obtained IIHI belonging to the following patients at the times indicated:

    (1) at approximately 11:23 p.m., patient M.D., who was also known as M.K.

    (2) at approximately 11:44 p.m., patient J.F., who was also known as D.S.

    (3) at approximately 11:48 p.m., patient J.F., who was also known as D.S.

Further, on November 19, 2003, defendant knowingly accessed and obtained IIHI belonging to patients D.C.

       e) At the time that defendant obtained each of these patients IIHI, defendant had no legitimate reason (medical or otherwise) for accessing the IIHI. Defendant accessed and obtained the IIHI for reasons not having to do with any job duty or responsibility. More specifically, defendant did not have a reason permitted under Title 42, United States Code, Chapter 7, Subchapter XI, Part C, otherwise known as the permitted uses of IIHI under the Health Insurance Portability and Accountability Act ("HIPAA").

//
//

## WAIVER OF CONSTITUTIONAL RIGHTS

10.  By pleading guilty, defendant gives up the following rights:

    a)  The right to persist in a plea of not guilty.

    b)  The right to a speedy and public trial by jury.

    c)  The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial.  (In this regard, defendant understands that, despite his pleas of guilty, he retains the right to be represented by counsel - and, if necessary, to have the court appoint counsel if defendant cannot afford counsel - at every other stage of the proceedings.)

    d)  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e)  The right to confront and cross-examine witnesses against defendant.

    f)  The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    g)  The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

11.  By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## SENTENCING FACTORS

12. Defendant understands that the Court is required to consider the United States Sentencing Guidelines (the "U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

13. Defendant and the USAO agree and stipulate to the following applicable Sentencing Guidelines factors:

    Base Offense Level    :    6    U.S.S.G. § 2X5.2

Defendant and the USAO reserve the right to argue that additional adjustments and departures are appropriate.

14. There is no agreement as to defendant's criminal history or criminal history category.

15. Defendant and the USAO, pursuant to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), further reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines.

16. The stipulations in this agreement do not bind either the United States Probation Office (the "USPO") or the Court. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the USPO and the Court; (b) correct any and all factual misstatements relating to the calculation of the sentence; and (c) argue on appeal and collateral review that the Court's sentencing guidelines calculations are not error, although each party agrees to

7

maintain its view that the calculations in paragraph 13 are consistent with the facts of this case.

## DEFENDANT'S OBLIGATION

17. Defendant agrees that he will:

    a) Plead guilty as set forth in this agreement.

    b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

    c) Not knowingly and willfully fail to: (i) appear as ordered for all court appearances; (ii) surrender as ordered for service of sentence; (iii) obey all conditions of any bond; and (iv) obey any other ongoing court order in this matter.

    d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

    e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the USPO, and the Court.

    f) Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay.

## THE USAO'S OBLIGATIONS

18. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

    a) To abide by all sentencing stipulations contained in this agreement.

    b) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level,

1  pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary,
2  move for an additional one-level reduction if available under
3  that section.

### BREACH OF AGREEMENT

19.  If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement (a "breach"), the USAO may declare this agreement breached.  If the USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas, defendant will not be able to withdraw the guilty pleas; and (b) the USAO will be relieved of all of its obligations under this agreement.

20.  Following the Court's finding of a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge or any civil or administrative action that was either dismissed or not filed as a result of this agreement, then:

  a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

  b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution or action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

      c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of or action against defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

### LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

21. Defendant gives up the right to appeal any sentence imposed by the Court and the manner in which the sentence is determined, provided that: (a) the sentence is within the statutory maximum specified above and is constitutional; (b) the Court in determining the applicable Sentencing Guidelines range does not depart upward in offense level or criminal history category and determines that the total offense level is 6 or below; and (c) the Court imposes a sentence within or below the range corresponding to the determined total offense level and criminal history category. Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or a explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or

statutes of conviction. Notwithstanding the foregoing, defendant retains the ability to appeal the denial of his motion to dismiss the indictment by the District Court and the conditions of probation or supervised release imposed by the court, with the exception of the following: standard conditions set forth in district court General Orders 318 and 01-05; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

22. The USAO gives up its right to appeal the Court's sentence, provided that: (a) the Court in determining the applicable guideline range does not depart downward in offense level or criminal history category; (b) the Court determines that the total offense level is 6 or above; and (c) the Court imposes a sentence within or above the range corresponding to the determined total offense level and criminal history category.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

23. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement; (b) ask the Court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining counts of conviction, with both the USAO and defendant being released from all of their obligations under this agreement; or (c) leave defendant's remaining convictions, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests

in the exclusive discretion of the USAO.

## COURT NOT A PARTY

24. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one – not the prosecutor, defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

25. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding, or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

26. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty pleas hearing as if the entire Agreement had been read into the record of the proceeding.

//
//
//

1   This agreement is effective upon signature by defendant and
2 the Special Assistant United States Attorney.
3 AGREED AND ACCEPTED
4 UNITED STATES ATTORNEY'S OFFICE
  FOR THE CENTRAL DISTRICT OF CALIFORNIA
5
  GEORGE S. CARDONA
6 Acting United States Attorney
7 _/s/ Anthony Montero_     1/7/2010
8 ANTHONY R. MONTERO     Date
  Special Assistant
9 United States Attorney

This agreement is effective upon signature by defendant and the Special Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

GEORGE S. CARDONA
Acting United States Attorney

*/s/ Anthony Montero*    1/7/2010
ANTHONY R. MONTERO    Date
Special Assistant
United States Attorney

 

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

*/s/ Huping Zhou*    1/8/10
HUPING ZHOU    Date
Defendant

 I am Huping Zhou's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this agreement. To my knowledge, my client's

1 | decision to enter into this agreement is an informed and
2 | voluntary one.

_____   1/8/10
EDWARD ROBINSON              Date
Counsel for Defendant
HUPING ZHOU

My name is Jude Arase Ph.D. I am a certified - professionally qualified Mandarin Interpreter. I translated this plea Agreement from English to Mandarin to Mr. Huping Zhou.

1/8/10                    x Judy Arase

14